1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ISAC ESTRADA,                              No.  2:11-cv-02871 KJN P

12                   Petitioner,

13        v.                                    ORDER[1] RE: PETITION FOR

14   MICHAEL STAINER, Warden,                   WRIT OF HABEAS CORPUS AND

15                   Respondent.                APPOINTMENT OF LEGAL COUNSEL

16

17   I.  Introduction

18          Petitioner is a state prisoner at the California Correctional Institution, in Tehachapi.

19   Petitioner proceeds in forma pauperis and without counsel in this habeas corpus action, filed on

20   December 26, 2012, pursuant to 28 U.S.C. § 2254, challenging petitioner's 2009 convictions and

21   sentence.

22          On February 27, 2009, petitioner was convicted by a jury for the crimes of dissuading a

23   witness by force or threat of force, Cal. Penal Code § 136.1(a), and for the benefit of a criminal

24   street gang, id. § 186.22(b)(1); and the substantive offense of active participation in a criminal

25   street gang, id., § 186.22(a).[2]  The trial court sustained one of two allegations that petitioner had a

26   _____

     [1]  The parties have consented to the jurisdiction of the magistrate judge for all purposes.  See 28

27   U.S.C. § 636(c); Local Rule 305(a).  (See ECF Nos. 8, 10.)

28   [2]  Unless otherwise noted, section references are to the California Penal Code.

                                                  1

1   prior conviction, § 667(d), and an allegation that petitioner had served a prior prison term,

2   § 667.5(b).  Under California's "Three Strikes Law," the trial court sentenced petitioner to an

3   indeterminate sentence of seven years to life.  On appeal, the court affirmed petitioner's

4   convictions but found that petitioner's sentence had been improperly structured.[3]  The appellate

5   court directed the trial court to impose an indeterminate sentence of 14 years to life on the

6   dissuasion of witness conviction, a sentence which petitioner is now serving.

7         Pursuant to the instant federal habeas action, petitioner asserts claims that are described in

8   varying ways in his petition and traverse, as well as in his motion to stay this action.  (See

9   generally ECF Nos. 1, 17, 20, 22.)  As a result, respondent's descriptions of petitioner's claims,

10  both in the answer and in respondent's opposition to petitioner's motion to stay, are also

11  imprecise.  (See ECF No. 13, 21.)  However, respondent abides by petitioner's assertion that his

12  federal habeas petition is "mixed," containing both exhausted and unexhausted claims; and the

13  parties disagree whether the petition should be stayed pending petitioner's exhaustion of his

14  presently unexhausted claims in the state courts.

15        This action is preceded by petitioner's state court actions on direct appeal and a petition

16  for review, and one collateral challenge.  Petitioner asserted the following claims on direct

17  appeal:  (1) there was insufficient evidence to support his conviction for dissuading a witness;

18  (2) the trial court erred in failing to strike the prior-conviction finding; and (3) the trial court erred

19  in structuring petitioner's sentence.  (See Resp. Lodged Docs. 5-9.)  On August 18, 2010, the

20  California Court of Appeal, Third District, rejected petitioner's first two claims but agreed with

21  the third, and remanded the case to the trial court for resentencing.  People v. Estrada, 2010 WL

22  3247866, *1 (Cal. App. 3d 2010).  Petitioner petitioned for review in the California Supreme

23  Court, asserting the same three claims, the third claim incorporating a challenge to the Court of

---

25  [3] The trial court sentenced petitioner to a doubled lower term for dissuading a witness, § 667(e); a
26  one-year enhancement for the prior prison term; a consecutive indeterminate sentence of seven
    years to life for the gang enhancement, § 186.22(b)(4)(A) & (C); and a stay of sentence on the
27  substantive gang offense, § 654. The appellate court held that the trial court "should have
    imposed only the indeterminate term, not a consecutive enhancement to the determinate term that
28  would otherwise have applied."  People v. Estrada, 2010 WL 3247866, *4 (Cal. App. 3d 2010).

1   Appeal's sentencing ruling.  The petition for review, filed in September 2010 (Resp. Lodged Doc.

2   8), was summarily denied on October 27, 2010 (Resp. Lodged Doc. 9).

3          Petitioner filed only one state collateral challenge, a petition for a writ of habeas corpus in

4   the San Joaquin County Superior Court.  (Resp. Lodged Doc. 10.)  Petitioner challenged his

5   conviction on the following grounds:

6               (1) That the procedure resulting in the victim's identification of
Petitioner was unduly suggestive, in violation of Petitioner's due

7               process rights; (2) That the evidence presented at trial was
insufficient to sustain a guilty verdict of active participation in a

8               street gang; and (3) That reasonable doubt exists as to the charge of
dissuading a witness by force or threat of force in association with a

9               street gang.

10   (See Exh. B to Answer (ECF No. 13 at 18), Petition of Isac Estrada, San Joaquin Co. Sup. Ct.,

11   Case No. MF031616A (Feb. 16, 2011); see also Superior Court Petition (Resp. Lodged Doc. 10).)

12          The Superior Court denied petitioner's second and third claims on the procedural grounds

13   that "[s]ufficiency of the evidence claims are not cognizable on [state] habeas corpus," citing In

14   re Lindley, 29 Cal.2d 709, 722-723(1947), and "[h]abeas corpus is also not available to re-litigate

15   factual matters determined adversely to Petitioner, or to weigh the evidence supporting the

16   judgment," citing In re Dixon, 41 Cal.2d 756, 760 (1953), and In re La Due, 161 Cal. 632, 635-

17   636(1911).  The Superior Court denied petitioner's first claim on the procedural ground that it

18   had not been raised on direct appeal, citing In re Harris, 5 Cal. 4th 813, 829 (1993), and In re

19   Dixon, supra, 41 Cal. 2d at 759; and because petitioner had made no showing to support his

20   implicit claim that his appellate counsel had been ineffective in failing to raise petitioner's

21   mistaken identity claim on appeal, citing Strickland v. Washington, 466 U.S. 668, 690 (1984);

22   People v. Jackson, 28 Cal. 3d 264, 288-93(1980).

23          Petitioner filed no other pleadings in the state courts.  (See Answer (ECF No. 13 at 4).)

24          In the instant federal habeas action, petitioner appears to claim, inter alia, these significant

25   matters:  (1) mistaken identity/actual innocence, demonstrated by insufficient evidence to sustain

26   the finding that petitioner was the perpetrator, including challenges based on the following trial

27   evidence:  (a) Officer Mindy Dumlao offered the name, and a description, of petitioner to the

28   victim, both before and after the victim described the suspect; (b) Detective Kenneth Husman

provided the victim with an overly suggestive photo lineup wherein petitioner was the only

Hispanic male with tattoos; and (c) petitioner testified that he did not know the victim or engage

in the alleged conduct, and presented an assertedly strong alibi; (2) alleged juror bias, based on

the voir dire of Juror No. 5 that she was a friend of Officer Dumlao; and (3) insufficient evidence

supporting the finding that petitioner was a gang member during the relevant period.  (See

generally Petition (ECF No. 1).)

It is well established that a federal district court may not entertain a petition for writ of

habeas corpus unless the petitioner has exhausted state remedies with respect to each of the

claims raised.  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982).  A "mixed"

petition containing both exhausted and unexhausted claims must be dismissed, "leaving the

prisoner with the choice of returning to state court to exhaust his claims or of amending or

resubmitting the habeas petition to present only exhausted claims to the district court."  Id. at 510.

Nevertheless, a federal district court may stay a mixed habeas petition, and hold it in

abeyance until petitioner has exhausted his unexhausted claims in the state courts, provided:  (1)

"the petitioner had good cause for his failure to exhaust;" (2) "his unexhausted claims are

potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally

dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278 (2005).  The only exception

authorizing a federal court to address unexhausted claims in a mixed petition is "when it is

perfectly clear that the petitioner has no chance of obtaining relief."  Cassett v. Stewart, 406 F.3d

614, 624 (9th Cir.2005), cert. denied, --- U.S. ----, 126 S.Ct. 1336 (2006).

"In addition to the exhaustion requirement, a federal court may not hear a habeas claim if

it runs afoul of the procedural bar doctrine."  Cooper v. Neven, 641 F.3d 322, 327 (9th Cir. 2011).

As summarized by the Ninth Circuit (citations and internal quotation marks omitted):

> Exhaustion and procedural bar are closely related, but distinct,
> doctrines. First, if the state court denied the claim on state
> procedural grounds, it will be deemed procedurally defaulted unless
> the petitioner can show cause and prejudice. Second, if a claim is
> unexhausted but state procedural rules would now bar consideration
> of the claim, it is technically exhausted but will be deemed
> procedurally defaulted unless the petitioner can show cause and
> prejudice. State procedural rules must be both independent and
> adequate in order to bar federal habeas review.

4

1    Nevertheless, "'[i]f a petitioner has procedurally defaulted on a claim, a federal court may

2 nonetheless consider the claim if he shows:  (1) good cause for his failure to exhaust the claim;

3 and (2) prejudice from the purported constitutional violation; or (3) demonstrates hearing the

4 claim would result in a fundamental miscarriage of justice.'"  Cooper, 641 F.3d at 327 (quoting

5 Coleman v. Thompson, 501 U.S. 722, 750 (1991)) (further citation omitted).  "An objective factor

6 outside of a petitioner's control (e.g., ineffective assistance of counsel or a basis for the claim that

7 was previously unavailable) could constitute cause.  The petitioner can meet the prejudice prong

8 if he demonstrates that the errors . . . worked to his actual and substantial disadvantage, infecting

9 his entire proceeding with errors of constitutional dimension.  A petitioner can demonstrate a

10 fundamental miscarriage of justice by establishing that under the probative evidence he has a

11 colorable claim of factual innocence."  Cooper, 641 F.3d at 327 (citations and internal quotation

12 marks and punctuation omitted).)  "Constitutionally ineffective assistance of counsel plus actual

13 prejudice will satisfy this test and allow habeas review of a procedurally defaulted claim."

14 Walker v. Martel, 709 F.3d 925, 938 (9th Cir. 2013) (citing McCleskey v. Zant, 499 U.S. 467,

15 494 (1991)).

16    The court's review of the instant petition, together with pertinent portions of the trial court

17 record, appear to cast possible doubt on the finding of the Superior Court, on collateral review,

18 that petitioner's appellate counsel was not ineffective in failing to challenge, on direct appeal, the

19 sufficiency of the evidence that petitioner was the perpetrator of the crime, or that trial counsel

20 was not ineffective in apparently failing to file a suppression motion, e.g., regarding the photo

21 identification.  It is possible that such matters could satisfy the requirements of "cause and

22 prejudice" and/or a "miscarriage of justice," warranting exceptions to procedural and/or

23 exhaustion bars.  At this juncture, it is not "perfectly clear that the petitioner has no chance of

24 obtaining relief" on his unexhausted claims, Cassett, 406 F.3d at 624.

25    On the state of the current briefing the court is not able to definitively resolve these

26 matters.  For this reason, and because petitioner faces a life term, the court will appoint counsel

27 for petitioner, and order further briefing.

28 ////

The court denied petitioner's prior motion for appointment of counsel, with the following proviso (ECF No. 19 at 1-2):

> Petitioner's assertion that he is prejudiced by his lack of legal expertise will be considered by the court upon substantive review of the pleadings. . . . [T]he court will further consider, sua sponte and sub silentio, the merits of petitioner's request upon the court's substantive review of the petition . . . .

The court has now conducted a provisional substantive review of the pleadings and pending motion, and finds that "the interests of justice" require the appointment of counsel at this time. See 18 U.S.C. § 3006A; Rule 8(c), Fed. R. Governing § 2254 Cases; see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) ("[i]n deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved"). Appointed counsel shall identify and evaluate the merits of petitioner's current and potential federal habeas claims, and the appropriate procedures for pursuing these claims on the merits.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. The pending motion to stay (ECF No. 20), is denied without prejudice.

2. The Federal Defender is appointed to represent petitioner.

3. Appointed counsel shall, within 90 days after the filing date of this order, file and serve an Amended Petition that contains only clearly exhausted claims (and/or claims that are nevertheless ripe for federal review because they meet an exception to procedural or exhaustion bars), for the purpose of: (a) proceeding forthwith on the merits of the Amended Petition, OR (b) seeking a stay of the Amended Petition pending the state court exhaustion of unexhausted claims.

4. The Clerk of Court is directed to serve a copy of this order and the docket on David Porter, Assistant Federal Defender.

SO ORDERED.

Dated: December 9, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/estr2871.hc.FB.appt.cnsl

6