UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAC ESTRADA, | No. 2: 11-cv-2871 KJN P |
| Petitioner, | |
| v. | ORDER |
| MICHAEL STRAINER, et al., | |
| Respondents. | |

Introduction

     Petitioner is a state prisoner, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The parties consented to the jurisdiction of the undersigned for all purposes.  See 28 U.S.C. § 636(c); Local Rule 305(a).

     Pending before the court is respondent's unopposed motion to dismiss for lack of prosecution.  (ECF No. 49.)  For the reasons stated herein, the stay in this action is lifted and respondent's motion to dismiss is granted.

Discussion

     On April 27, 2015, the undersigned granted petitioner's motion to stay this action in order to exhaust additional claims.  (ECF No. 48.)

     In the pending motion, respondent states that since April 2015, petitioner filed the following post-conviction actions.  On June 24, 2016, the San Joaquin County Superior Court

denied petitioner's habeas petition filed on April 25, 2016. (ECF No. 49 at 6.) On February 17, 2017, the California Court of Appeal denied petitioner's habeas petition filed on January 9, 2017. (Id. at 77.) Respondent states that it does not appear that petitioner filed further petitions in the California courts. In addition, records from the California Department of Corrections and Rehabilitation ("CDCR") reflect that petitioner is no longer in respondent's custody. (Id. at 78.)

As stated by respondent in the motion to dismiss, "[t]he party seeking a stay—or continuation of a stay—bears the burden of showing his entitlement to a stay." Latta v. Otter, 771 F.3d 496, 498 (9th Cir. 2014). Respondent argues that there is no showing that a stay should continue. Respondent argues that by all appearance, petitioner long ago stopped seeking to present claims in state court. The undersigned agrees with respondent that petitioner has not demonstrated that the stay should continue.

Respondent goes on to argue that the case should be dismissed for petitioner's failure to prosecute. In determining whether to dismiss an action for failure to prosecute or for failure to comply with court orders, a court must weigh five factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants/respondents; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Pagtalunan, 291 F.3d at 642) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Given petitioner's apparent failure to exhaust his claims in state court and apparent abandonment of this action, this factor favors dismissal.

The delay in the resolution of this action caused by petitioner's failure to prosecute hinders the court's ability to manage its docket. See also Rhines v. Weber, 544 U.S. 269, 278 (2005) ("A mixed petition should not be stayed indefinitely."). Therefore, the second factor favors dismissal.

As for the third factor, respondent appears to argue that he will be prejudiced if this action is not dismissed. Because petitioner offers no reason for his failure to prosecute, the undersigned

finds that this factor favors dismissal.  See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (citing In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994) ("The law ... presumes prejudice from unreasonable delay."); Pagtalunan, 291 F.3d at 643 (Unreasonable "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."); Yourish, 191 F.3d at 991-92 ("Plaintiffs' paltry excuse for [their] default on the judge's order [to timely amend their complaint] indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal.").

The fourth factor, the public policy favoring resolution of the merits, weighs against dismissing this action.  Pagtalunan, 291 F.3d at 643.  However, as discussed above, petitioner is no longer in respondent's custody, failed to exhaust his unexhausted claims and failed to oppose the motion to dismiss.  Therefore, it is not clear whether resolution of the merits of this case is practical or possible.

Regarding the fifth factor, as observed by respondent, rather than dismissing this case the court could retroactively deny the stay with no opportunity for leave to amend and proceed on the previously exhausted claims.  But, it is not apparent whether that would be meaningful given respondent's lack of custody of petitioner and petitioner's apparent abandonment of this action.

Having weighed the factors discussed above, the undersigned finds that respondent's motion to dismiss for failure to prosecute should be granted.

Accordingly, IT IS HEREBY ORDERED that:

1.   The stay in this action is lifted;

2.   Respondent's motion to dismiss (ECF No. 49) is granted.

3.   The Clerk of the Court is directed to close this case.

Dated:  July 21, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Est2871.dis